UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-7502-MWF (RAOx) | **Date:** January 20, 2021 |
| **Title:** Joseph Boudrie v. Ford Motor Company | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO REMAND TO VENTURA COUNTY SUPERIOR COURT [15]

Before the Court is Plaintiff Joseph Boudrie's Motion to Remand Case to Ventura County Superior Court (the "Motion"), filed on October 13, 2020. (Docket No. 15). Defendant Ford Motor Company ("Ford") filed an opposition on November 2, 2020. (Docket No. 20). Plaintiff filed a reply on November 9, 2020. (Docket No. 22).

The Motion was noticed to be heard on November 18, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also consistent with General Order 20-09, arising from the COVID-19 pandemic.

For the reasons discussed below, the Remand Motion is **GRANTED**. Defendant has failed to produce any evidence demonstrating that the amount in controversy exceeds $75,000.

## I.   BACKGROUND

On June 24, 2020, Plaintiff commenced this action against Defendant in the Ventura County Superior Court. (Notice of Removal ("NoR"), Ex. 1 ("Complaint") (Docket No. 1)). On August 18, 2020, Ford timely removed this case to federal court based upon diversity jurisdiction. (*See generally* NoR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7502-MWF (RAOx)          **Date:** January 20, 2021

**Title:** Joseph Boudrie v. Ford Motor Company

The Complaint alleges that Plaintiff purchased a defective vehicle from Ford and that Ford has failed to bring the vehicle into conformity with the warranty even after being given several reasonable attempts to repair the vehicle. (Complaint ¶¶ 5-13).

Based on these allegations, Plaintiff brings claims for (1) breach of implied warranty of merchantability under the Song-Beverly Warranty Act, and (2) breach of express warranty under the Song-Beverly Warranty Act. (*See generally id.*).

Plaintiff seeks equitable relief and incidental, consequential, exemplary, and actual damages, including interest, costs, and actual attorneys' fees. (*Id.* ¶ 13). Plaintiff specifically seeks "a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages." (*Id.*, Prayer for Relief).

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566-67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.").

To establish original jurisdiction based on diversity of parties, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-7502-MWF (RAOx)          Date:  January 20, 2021
Title:  Joseph Boudrie v. Ford Motor Company

## III.    <u>DISCUSSION</u>

As a preliminary matter, the Court notes that there is no dispute as to whether the parties are diverse for the purpose of determining citizenship under 28 U.S.C. § 1332.  The parties' only point of disagreement with respect to removal is whether the amount in controversy exceeds $75,000.

Plaintiff seeks equitable relief and incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.  (Complaint ¶ 13). Plaintiff specifically seeks "a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages."  (*Id.*, Prayer for Relief).

Defendant argues that it is "facially apparent" that the amount in controversy exceeds $75,000 because (1) the Complaint states that the amount in controversy exceeds $25,000, and (2) Plaintiff ***additionally seeks*** damages and a civil penalty equaling double the amount of actual damages.  (Opposition at 9) (citing Complaint ¶¶ 13, 31).

Defendant essentially argues that the Complaint seeks $25,000 in damages and $50,000 in the form of a civil penalty.  (Opposition at 9).  The Court disagrees with Defendant's interpretation of the Complaint, which reads, in pertinent part:

> The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

(Complaint ¶ 13).  The Complaint states that the amount in controversy exceeds $25,000, and that Plaintiff seeks damages ***in addition to*** interest and costs.  (*See id.*). The Complaint does not state that Plaintiff seeks $25,000 in damages.  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7502-MWF (RAOx)          **Date:** January 20, 2021
**Title:** Joseph Boudrie v. Ford Motor Company

therefore rejects Defendant's argument that the Complaint facially satisfies the amount in controversy requirement. (Opposition at 8-9).

Defendant next argues that the amount in controversy requirement is satisfied upon consideration of "amount at stake," *i.e.*, the sum of the (1) civil penalties, (2) damages and restitution, and (3) attorneys' fees. (Opposition at 16) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) ("This amount includes, *inter alia*, damages . . . as well as attorneys' fees awarded under fee shifting statutes.")).

Where it is unclear from the face of the Complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing "by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted).

The Court notes that the Complaint does not explicitly state that Plaintiff seeks $25,000 in damages, only that Plaintiff seeks incidental, consequential, exemplary, and actual damages, including interest and costs, for the purchase a "new 2019 Lincoln MKZ." (Complaint ¶ 4).

Plaintiff argues that the actual damages are too speculative at this point because Defendant has failed to produce evidence showing the purchase price of the vehicle or how many miles Plaintiff put on the vehicle. (Motion at 5) (citing *Brady v. Mercedes-benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The Court agrees.

Defendant has failed to produce ***any*** evidence supporting its assertion that the damages here would be equal or greater than $25,000. In fact, aside from a few invoices showing that the vehicle was serviced several times at approximately 10,000 miles (which are not attached to, or cited in, the Opposition), Defendant has failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7502-MWF (RAOx)           **Date:** January 20, 2021

**Title:** Joseph Boudrie v. Ford Motor Company

produce any evidence whatsoever that is relevant to the amount in controversy analysis. Because Defendant has failed to present any evidence to support removal, the Court determines that Defendant has failed to carry its burden of establishing "by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino*, 726 F.3d at 1121-22.

Accordingly, the Motion is **GRANTED**. *Gaus*, 980 F.2d at 566-67 ("If any doubt exists as to the right of removal, federal jurisdiction must be rejected."); *see also Hunter*, 582 F.3d at 1042 ("[T]he court resolves all ambiguity in favor of remand to state court.").

The action is **REMANDED** to the Ventura County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or as to whether a demurrer should be sustained or overruled in superior court.

IT IS SO ORDERED.